UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TODD E. BECKER,

        Petitioner,

v.                                       Case No. 3:05-cv-832-J-20HTS

BUREAU OF PRISONS,

        Respondent.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, an inmate incarcerated at Hamilton Correctional Institution who is serving concurrent federal and state sentences, initiated this action by filing a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #2) (hereinafter Petition). He requests this Court to compel the Federal Bureau of Prisons (hereinafter BOP) to take custody of him and transfer him to a federal facility in Fort Worth, Texas, to serve the remainder of his federal sentence.

This cause is before the Court on the United States' Response to Order and Motion, with Incorporated Memorandum, to Dismiss or, in the Alternative, for Summary Judgment (Doc. #9), in which the Respondent contends that this case should be dismissed because Petitioner has not exhausted the administrative remedies available to him through the BOP. See id. at 4.[1]

---

[1] The Court previously advised Petitioner of the provisions of Fed. R. Civ. P. 56. See the Court's Order (Doc. #8), filed October 14, 2005, at 3-4.

Petitioner admits that he has not fully exhausted his administrative remedies because he has not filed a grievance at the national level.[2] See Petitioner's Response to Respondent's Response and Motion, Filed on November 23, 2005, and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a), 55(e) (Doc. #11), filed December 12, 2005, at 3-4. Accordingly, this case will be dismissed to give Petitioner the opportunity to fully exhaust his administrative remedies before seeking relief in this Court. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.)(finding that prisoners seeking habeas relief pursuant to § 2241 must exhaust their administrative remedies before seeking habeas relief in federal court), cert. denied, 541 U.S. 1036 (2004); Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (setting forth the BOP's administrative remedy procedures), cert. denied, 516 U.S. 835 (1995); United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), cert. denied, 503 U.S. 972 (1992).

After fully exhausting his administrative remedies with respect to each ground, Petitioner may refile a petition for writ of habeas corpus in this Court. If he elects to do so, he must

---

[2] Petitioner contends that he should not be required to exhaust his administrative remedies. See Petitioner's Response to Respondent's Response and Motion, Filed on November 23, 2005, and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a), 55(e) (Doc. #11), filed December 12, 2005, at 3-4. The Court has considered Petitioner's arguments and found them to be without merit.

submit copies of his grievances and the BOP's responses to verify exhaustion.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The United States' Response to Order and Motion, with Incorporated Memorandum, to Dismiss or, in the Alternative, for Summary Judgment (Doc. #9) is **GRANTED.**

2. Petitioner's Motion for Summary Judgment (Doc. #11) is **DENIED.**

3. This case is **DISMISSED** without prejudice.

4. The Clerk of the Court shall enter judgment dismissing this case without prejudice and shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 12/21
c:
Todd E. Becker
Assistant United States Attorney Ralph J. Lee

3